UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.  5:14-cv-02029-HGD |
| ) | |
| THE UNIVERSITY OF ALABAMA ) | |
| IN HUNTSVILLE, et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OPINION

On November 4, 2016, the magistrate judge entered a report in which he recommended that the Court grant the defendants' motion to dismiss Counts II and III of Ms. Doe's amended complaint.  (Doc. 32, p. 19).   The magistrate judge advised  the parties of their right to file specific written objections within fourteen (14) days.  (Doc. 32, p. 19).   No party has filed objections to the magistrate judge's report and recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court reviews legal conclusions in a report de novo and reviews for plain error factual findings to which no objection is made.  *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th

Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

Having reviewed Ms. Doe's amended complaint, the defendants' motion to dismiss, and the report and recommendation, the Court agrees that Count II of the amended complaint should be dismissed with prejudice to the extent that Ms. Doe attempts to frame a substantive due process claim; however, the Court does not believe Count II is so limited.  Ms. Doe alleges that the defendants' purported failure to properly investigate the sexual assault against her and the University's purported inadequate policies concerning the training and supervision of University employees in matters pertaining to student safety and the investigation of criminal conduct that impacts student safety give rise to an Equal Protection violation because these alleged failures "result[] in disparate treatment of female students, and had a disparate impact on female students, as [female students] are statistically much more likely to be the victim[s] of sexual violence."  (Doc 25, pages 12–13).  Claims regarding disparate treatment of and disparate impact upon a protected class generally fall under the umbrella of the Equal Protection clause.  To the extent that Ms. Doe has attempted to frame an Equal Protection claim in Count II pursuant to §1983, the Court dismisses that claim without prejudice because Count II as pleaded fails to adequately apprise the Court and the

---

[1] When a party objects to a report, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §§ 636(b)(1)(B)-(C).

defendants of the nature of Ms. Doe's claim. The Court adopts the magistrate judge's report and accepts his recommendation with respect to Count III of the amended complaint. The Court will enter a separate order consistent with this opinion.

DONE this 23rd day of March, 2017.

_____
MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE